Isidore FINK et al., Plaintiffs,

v.

Francis G. COATES et al., Defendants.

COLONIAL REALTY CORPORATION,
Plaintiff,

v.

Francis G. COATES et al., Defendants.

Nos. 65 Civ. 2105, 65 Civ. 2106.

United States District Court,
S. D. New York.

Feb. 5, 1971.

Pomerantz, Levy, Haudek & Block, New York City, for plaintiffs; Abraham L. Pomerantz, William E. Haudek, Donald J. Miller, New York City, of counsel.

White & Case, New York City, for defendants; Orison S. Marden, P. B. Konrad Knake, Thomas McGanney, Jeffrey A. Barist, New York City, of counsel.

### MEMORANDUM

BONSAL, District Judge.

Plaintiffs move for an order pursuant to Rules 56 and 16, F.R.Civ.P., granting partial summary judgment and simplifying the issues in favor of two of the plaintiff-intervenors in the *Fink* action and in favor of plaintiff Colonial

Realty Corporation, and in favor of all persons similarly situated, against Texas Gulf Sulphur Company (TGS) and Charles F. Fogarty.

These private actions arise out of events of November, 1963 through April, 1964 when TGS discovered valuable ore bodies in Timmins, Ontario.[1] Following announcement of the discovery, the Securities Exchange Commission (SEC) instituted an action against TGS and certain of its officers and directors (the SEC action). The SEC alleged violations of Section 10(b) of the Securities Exchange Act of 1934 (the 1934 Act), 15 U.S.C. § 78j(b), and Rule 10b–5, 17 C.F.R. 240.10b–5, promulgated pursuant thereto. The complaint brought by the SEC alleged in part that TGS had issued a materially false and misleading press release on April 12, 1964 with respect to its activities in Timmins, Ontario. The issue of liability was tried to this court, S.E.C. v. Texas Gulf Sulphur Co., 258 F.Supp. 262 (S.D.N.Y.1966). The Court of Appeals remanded, 401 F.2d 833 (2d Cir. 1968), cert. denied, Coates v. S.E.C., 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969), directing that this court reconsider the April 12, 1964 press release in light of its opinion. On remand, this court held that the April 12 press release was misleading to the reasonable investor in the exercise of due care, that the framers of the release failed to exercise due diligence in its issuance, and that TGS had violated Section 10(b) and Rule 10b–5, 312 F.Supp. 77 (S.D.N.Y. 1970).

These actions were instituted by former shareholders of TGS. The complaints allege that TGS and certain of its officers and directors, including defendant Fogarty, issued the April 12 press release, and that the release was knowingly false and misleading as to material facts, in violation of Section 10(b) and Rule 10b–5. It is alleged that the two plaintiffs-intervenors sold TGS shares on April 13 and 16, 1964, and that Colonial Realty Corporation sold calls on shares on April 16, 1964, in reliance on the April 12 press release. Plaintiffs seek money damages.

■ In this motion, plaintiffs claim collateral estoppel with respect to TGS and Fogarty in view of Reynolds v. Texas Gulf Sulphur Company, 309 F.Supp. 548 (D.Utah 1970), a consolidated action brought by other former shareholders under Section 10(b) and Rule 10b–5 against TGS and Fogarty, where Chief Judge Ritter found that the April 12 press release was "misleading, intentionally deceptive, inaccurate and knowingly deficient in material facts pertaining to the results of drilling," and violated Section 10(b) and Rule 10b–5. (309 F. Supp. at 562.) Plaintiffs here contend that because of Reynolds, TGS and Fogarty are estopped from denying the material falsity of the April 12 press release and their knowledge of its falsity.

Whether collateral estoppel applies here is governed by federal law. Zdanok v. Glidden Company, 327 F.2d 944, 956 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964), citing Currie, "Mutuality of Collateral Estoppel: Limits of the Bernhard Doctrine"; 9 Stan.L.Rev. 281, 301, n. 40 (1957).

Plaintiffs conceded at argument that the granting of this motion was in the discretion of the court, but argued that, based on Zdanok, such discretion should be exercised in their favor.

TGS and Fogarty point out that the moving plaintiffs were not parties to Reynolds, and contend that an exception to the doctrine of mutuality should not be made in this case.

In Zdanok, collateral estoppel was granted based on a decision which had

[1]. These events are not detailed here since they are set forth in the opinion of the District Court, S. E. C. v. Texas Gulf Sulphur Co., 258 F.Supp. 262, at 268–275, 293–294 (S.D.N.Y.1966); in the opinion of the Court of Appeals, 401 F.2d 833, at 840–841, 843–847 (2d Cir. 1968); and in the opinion of the District Court of Utah in Reynolds v. Texas Gulf Sulphur Co., 309 F.Supp. 548, at 551–556 (D.Utah 1970).

been determined by the Court of Appeals and had been appealed to the United States Supreme Court. *Reynolds* is still on appeal to the Tenth Circuit, which has not rendered its decision.

In *Zdanok,* the defendant against whom the collateral estoppel was applied chose the forum of the prior action. In *Reynolds,* TGS and Fogarty opposed the Utah forum and unsuccessfully sought a transfer to another forum. Texas Gulf Sulphur Company v. Ritter, 371 F.2d 145 (10th Cir. 1967). The liability in *Reynolds* was relatively small compared to that sought in the actions pending in this court. *See,* Berner v. British Commonwealth Pacific Airlines, Ltd., 346 F. 2d 532 (2d Cir. 1965), cert. denied, 382 U.S. 983, 86 S.Ct. 559, 15 L.Ed.2d 472 (1966).

*Zdanok* involved an interpretation of a contract, whereas these are tort actions involving falsity, materiality, and scienter. While *Reynolds* held that the April 12 press release was "intentionally deceptive," this court found in the original SEC trial that:

> "[I]t is apparent that the purpose of the April 12 press release was an attempt to meet the rumors which were circulating with respect to the Kidd 55 segment. (258 F.Supp. at 294).
>
> \* \* \* \* \* \*
>
> "Moreover, the circumstances under which the April 12 release was prepared indicate that defendants Fogarty and Mollison were under considerable pressure. \* \* \* Stephens and Fogarty exercised reasonable business judgment under the circumstances." (258 F.Supp. at 296.)

In his concurring opinion in the Court of Appeals, Judge Friendly stated, "No one has asserted, or reasonably could assert, that the purpose for issuing a release was anything but good." (401 F. 2d at 866).

While *Reynolds* held that the release was "intentionally deceptive," there

are no specific findings of fact or conclusions of law to this effect in the court's amended findings and conclusions.[2] As stated in McNellis v. First Federal Savings and Loan Ass'n, 364 F.2d 251, 257 (2d Cir.), cert. denied, 385 U.S. 970, 87 S.Ct. 504, 17 L.Ed.2d 434 (1966),

> "a reasonable doubt as to what was decided in the first action should preclude the drastic remedy of foreclosing a party from relitigating an essential issue." (Footnote omitted.)

Accordingly, in the court's discretion plaintiffs' motion for partial summary judgment is denied. There remain issues of fact to be tried, including material falsity, scienter, reliance and damages.

It is so ordered.

---

2. Reynolds v. Texas Gulf Sulphur Company, 309 F.Supp. 566, Amended Findings of Fact and Conclusions of Law, filed 1/13/70.